UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALLISON CRAWL, | Case No. 2:18-cv-02274-RFB-PAL |
| Plaintiff, | **ORDER** |
| v. | |
| SMITH'S FOOD & DRUG CENTERS, INC. et al., | |
| Defendants. | |

### I. INTRODUCTION

Before the Court is Plaintiff's Motion to Remand to State Court. ECF No. 4. For the reasons stated, the Court grants the Motion.

### II. BACKGROUND

The Court finds the following facts. Plaintiff filed her Complaint against Defendants in the Eighth Judicial District Court, Clark County, Nevada for claims of negligence and negligent hiring, training, and supervision. The Complaint was filed on October 3, 2018 and served on Defendants on October 8, 2018. (ECF No. 1) Defendant Smith's filed a notice of removal on November 28, 2018 on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441.

The Complaint explicitly alleges "damages in excess of Seventy-Five Thousand ($75,000), in amount to be determined at trial" in both causes of action. In the final "Prayer for Relief" the Complaint alleges "General damages in the an [sic] amount in excess of $15,000."

### III. LEGAL STANDARD

A defendant may remove a matter first filed in state court to a federal court if the federal

court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over actions where the matter in controversy is greater than $75,000 if there is complete diversity between the plaintiff and each defendant. 28 U.S.C. § 1332(a).

When a matter is removable on the face of the initial pleading, a defendant must remove the matter within thirty days of service. 28 U.S.C. § 1446(b); Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). The thirty-day removal deadline begins on the date of service of the initial pleading. 28 U.S.C. § 1446(b). When a matter is not removable on the face of the initial pleading, a defendant must remove the matter within "thirty days from the revelation of grounds for removal in an amended pleading, motion, order, or other paper[.]" Id. at 695 (internal quotation omitted). "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris 425 F.3d at 694. A defendant does not have a duty of inquiry if the initial pleading is "indeterminate." Id. at 693-94. A defendant may only remove a case after the initial thirty days "if the case stated by the initial pleading is not removable." 28 U.S.C. § 1446(b)(3).

"Removal and subject matter jurisdiction statutes are strictly construed, and a defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) (citation and quotation marks omitted). A federal court should remand a case to state court if any doubt exists as to the right to removal. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (footnote omitted).

The Nevada Rules of Civil Procedure outline the explicit manner in which a plaintiff must assert claims for relief. Specifically, Rule 8 provides:

> (a) Claims For Relief. A pleading which sets forth a claim for relief, whether and original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for relief the pleader seeks. Relief in the alternative or of several different types may be demanded. Where a claimant seeks damages of more than $15,000, ***the demand shall be for damages "in excess of $15,000" without further specification of amount***. (emphasis added)

**IV. DISCUSSION**

The Court finds that the Defendant did not timely remove this case. The initial pleading in this case explicitly asserted in both causes of action "damages in excess of Seventy-Five Thousand ($75,000)." The Complaint was served on October 8, 2018. At this point the thirty-day window for filing of the notice of removal was triggered as the initial pleading provided a basis for diversity jurisdiction.[1] The Defendant, however, did not file its petition for removal until November 28, 2018 – more than thirty days after it was served with the Complaint.

The Court rejects the Defendant's argument that the amount in controversy was ambiguous or "indeterminate" pursuant to Harris. Within the four corners of the Complaint, the Plaintiff twice explicitly asserted damages in excess of $75,000. The Court finds that these assertions are not rendered "indeterminate" simply because the "Prayer for Relief" also asserts damages in an "amount in excess of $15,000." First, this latter assertion is not inconsistent with the other assertions of damages in an amount in excess of $75,000. Second, and more importantly, the Court finds that the explicit assertion in the Prayer for Relief is mandated by Rule 8(a) of the Nevada Rules of Civil Procedure. Rule 8 not only requires that the prayer assert damages in excess of $15,000 it references the explicit language in quotes that must be used in the complaint – "in excess of $15,000." Id. This does not mean that a plaintiff cannot, as is the case here, also reference other damages amounts in the complaint. Rather, this Rule simply requires that the complaint contain this phrase somewhere in a demand for damages. Finally, if the Court were to accept the Defendant's argument it would essentially allow a Defendant to disregard any other information regarding damages in a complaint – an unreasonable and illogical application of the respective state and federal laws.

Consequently, the Court finds that the Defendant's removal of this case was untimely. The Court remands this matter to state court accordingly.

---

[1] Defendant has not raised an argument or issue with the Court as to diversity of the parties as a basis for its delayed notice of removal filing. This opinion therefore addresses only the issue of when the amount in controversy was sufficiently noticed to the Defendant to trigger the initial thirty-day window for removing the case.

## V. CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion to Remand [ECF No. 4] is GRANTED. The Clerk of the Court is instructed to remand this matter to the state court and close this case accordingly.

DATED: January 22, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**